# Riley v. Hall, Appellant.

*Contract—Sale—Refusal to accept goods not specific—Measure of damages.*

Where a vendee of goods not specific in quantity refuses without sufficient cause to accept the goods, the title remains in the seller, and the measure of damages for the refusal is not the contract price of the goods, but the difference between the contract price and the market value on the day appointed for delivery.

Argued Oct. 18, 1915. Appeal, No. 50, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Nov. T., 1914, No. 588, on verdict for plaintiff in case of Roscoe C. Riley v. Walter P. Hall. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit for goods which the defendant is alleged to have purchased, but which he refused to accept. Before BONNIWELL, J.

At the trial it appeared that suit was brought for $160.99 the contract price of a quantity of terrapin which the plaintiff claimed to have sold to the defendant and which the latter refused to accept.

The defendant testified as follows:

I have been doing business with Mr. Riley and on the 20th of November he sent me some terrapin and I paid him for them, and he asked me whether I would need some more and I told him I guessed I would, and he asked me when and I told him I had a good lot on hand, but I would let him know later on. On Tuesday he called me up on the 'phone and said he had a lot of terrapin and I told him I didn't want any more this week, I may be able to use some next week, and I immediately wrote him a letter, and on the Friday morning when I got to my place I got some terrapin and Mr. Riley was

there at the same time, and I immediately sent the terrapin back to him.

Verdict and judgment for plaintiff for $160.99. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*A. E. Hurshman,* with him *Geo. W. Mitchell,* for appellant.—We contend that this was a mere offer to do business: Eckert v. Schoch, 155 Pa. 530.

At all events, if there was a contract, it was plainly executory.

When the agreement of sale is for things not specific as of a quantity of goods in general without specific identification or an "appropriation" of them, the contract is executory and property does not pass: Halderman v. Duncan, 51 Pa. 66; McCandlish v. Newman, 22 Pa. 460.

And the plaintiff should have alleged and proved damages: Unexcelled Fire Works Co. v. Polites, 130 Pa. 536; Baltimore Brick Co. v. Coyle, 18 Superior Ct. 186; Hall v. The Woolen Co., 187 Pa. 18.

*Thomas Nardello,* for appellee, cited: Scott v. Wells, 6 W. & S. 357; Leonard v. Winslow, 2 Gr. 139.

OPINION BY KEPHART, J., March 1, 1916:

The measure of damages for the refusal to accept goods not specific as contracted for, is the difference between the contract price and the market value on the day appointed for delivery: 35 Cyc. 592. Where the vendee refuses without sufficient cause to accept goods not specific, the title remains in the seller and the measure of damages for the refusal is not the purchase-price of the goods, but the difference between the price agreed upon and the market value on the day appointed for delivery: Jones v. Jennings, 168 Pa. 493. Assuming this contract to be as definite as the appellee contends, there

is nothing in the present case to take it out of the operation of this general rule. Plaintiff sued to recover the contract price of terrapin sold to the defendant which he refused to accept. The shipment was immediately returned to the plaintiff. He cannot accept the goods and sue for the entire price. There is no denial of the statement of the defendant that he "sent the terrapin back to him" (the plaintiff). But the offer here was to sell "some more terrapin." This was for an indefinite quantity. The plaintiff was not bound to deliver any certain amount of terrapin. In order to bind the defendant for any definite quantity, his assent to that particular quantity must be obtained. The contract is necessarily executory until the assent to that particular quantity be expressed. Plaintiff was to buy as many terrapin as he could get; no amounts were stated. It does not appear in the testimony that the defendant had ever assented to any particular quantity being shipped, but that he refused to consent to the quantity shipped is evidenced by the fact that he rejected the shipment and returned it to the plaintiff. It does not appear that the plaintiff suffered any special damages for which the defendant would have been liable. In permitting a recovery for the contract price the trial court was in error.

The judgment is reversed.